GEORGE F. FULLER *vs.* WILLIAM K. ATWOOD.[1]

In a single undivided and continuous negotiation between A. and B., A. at one time repre-
sented one principal and at another time a different one.

*Held,* that A., notwithstanding the change of principal, was entitled to assume that all
statements of fact made to him by B. were repeated so long as they were not cor-
rected.

The negotiation resulted in a written contract signed by the parties.

*Held,* that statements made by B. after the contract were inadmissible to show what in-
fluenced A.'s principal to sign the contract, but were admissible to corroborate evidence
as to what statements B. made before the contract, it being admitted that B., before and
after the contract, made statements as to the same matters, and it being shown that the
subsequent statements were asked and given as a repetition and confirmation of the
preceding.

DEFENDANT'S petition for a new trial.

*November* 28, 1883. CARPENTER, J. The defendant, as
ground for his motion for a new trial, relies on two alleged mis-
rulings made by the justice who tried the case, in the charge to
the jury. The first of these is stated in the following words:

"If the defendant made the statements to Bosworth alleged by
plaintiff before Bosworth was employed by plaintiff, but did not
correct them after the defendant knew that Bosworth was agent
of the plaintiff, then the plaintiff was entitled, so far as that part
of the evidence was concerned, to recover."

The testimony shows, without dissent, that the witness Bos-
worth, acting as the agent of Albro, commenced a negotiation with
the defendant and another person for the purchase from them of

[1] See 13 R. I. 316.

their interest in a certain business and stock of goods; that in the course of those negotiations certain statements of fact, material to the proposed contract, were made by the defendant to Bosworth; that after the negotiations had continued for some time it was understood, between the defendant and his late partner on the one side and Bosworth on the other, that Bosworth then ceased to act for Albro, and would thereafter act in the matter on behalf of another person, who should become liable on the contract and whose name should be afterwards disclosed; that thereafter the defendant and Bosworth, not commencing the negotiation anew, proceeded with the same from the point which it had then reached until it became ready to be completed by proper signatures to the written contract, which was then drawn up; and that at this point the principal for whom Bosworth was acting was introduced, and was then for the first time seen in this matter and appeared to be the plaintiff Fuller. The testimony shows a violent contradiction as to the terms of the statements which were made by defendant to Bosworth under the above circumstances.

We think the uncontradicted testimony shows one continued and uninterrupted negotiation between the defendant on one side and Bosworth as agent on the other. The defendant, however, contends that inasmuch as Bosworth at different stages of the negotiation acted as agent for different principals, there were in reality two separate transactions, and that the principal in the later negotiation cannot rely on any statement made by the defendant in the course of the former, unless it shall be made to appear that the defendant was notified that such prior statement had been repeated to such later principal. But inasmuch as the negotiation, so far as Bosworth was concerned, was single, undivided, and continuous, we think he had a right at every moment, for the benefit of the person for whom he was at that moment acting, to assume that all statements of fact theretofore made to him were repeated to him so long as they remained uncorrected. If this be so, then the plaintiff was entitled to rely on such statements; and it follows that the charge to the jury in this respect was correct.

The second alleged misruling is stated in the following words :

" That no representation made after the contract was signed was admissible to show what influenced plaintiff's mind to sign the

contract with defendant, but that such statements were admissible as corroborative of the statements claimed to have been made by defendant before signing the contract."

We find no error in this instruction. It was admitted that representations as to the same matter of fact were made by the defendant both before and after the contract was signed, and it is clear from the testimony that the second statement was asked from the defendant and given by him as a repetition and confirmation of the first. If the jury believed that the statement made after the contract was signed was in terms as claimed by the plaintiff, we think they might well infer that the statement made previously was in the same terms. It would not be unreasonable to infer that the two statements made by the defendant were consistent with each other.                          *Petition dismissed.*

*Irving Champlin*, for plaintiff.

*B. B. Hammond & Edward D. Bassett*, for defendant.